UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DWIGHT ERVIN ANDREWS,

    Petitioner,

v.                                                            Case No. 2:06-cv-242
                                                                    HON. GORDON J. QUIST

DAVID BERGH,

    Respondent.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on October 3, 2006. The Report and Recommendation was duly served on the parties. The Court has received objections from the Petitioner. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections to the report and recommendation, Petitioner reasserts the claims set forth in his application for habeas corpus relief. As noted in the report and recommendation, Petitioner was convicted pursuant to a guilty plea of attempted larceny from a motor vehicle on March 26, 1987, and was sentenced to 20 to 30 months imprisonment. Petitioner did not file a direct appeal. According to the MDOC Offender Tracking Information System (OTIS), Petitioner finished serving this sentence on August 21, 1989. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=187553. Because Petitioner did not file a direct appeal, his

March 26, 1987, conviction became final on March 26, 1988. *See* MCR 7.205(F)(3) (generally prohibiting late appeals more than 12 months after entry of an order or judgment on the merits).

In his application for habeas corpus relief, Petitioner asserts that on August 7, 2002, Warden Kenneth McKee wrote to the Wayne County Circuit Court and requested that Petitioner's original judgment of sentence be amended because the "MCL number" and the crime description did not match. On November 5, 2002, Petitioner filed a motion for relief from judgment regarding this conviction, claiming that he did not enter a guilty plea with regard to the charge listed on the judgment of sentence. Petitioner received a hearing on his motion, which was denied on July 14, 2004. Petitioner filed an appeal to the Michigan Court of Appeals on July 14, 2005, which was denied on March 9, 2006. Petitioner's subsequent appeal to the Michigan Supreme Court was denied on August 29, 2006.

Initially, the court notes that Petitioner is not in custody for purposes of his 1987 conviction. As noted by the Magistrate Judge in the report and recommendation, the United States Supreme Court has held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (citing *Daniels v. United States*, 532 U.S. 374, 382 (2001) (holding that petitioner could not challenge under § 2255 a prior

state-court conviction used to enhance a subsequent federal sentence)).[1]  As a result, following *Lackawanna*, this court is without jurisdiction to consider Petitioner's challenge to his 1987 conviction because he is not in custody for purposes of that conviction.

Moreover, the Magistrate Judge correctly noted that Petitioner's application is barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d)(1).  By the letter of the statute, Petitioner had one year from March 26, 1988, to file his habeas application.  However, because § 2244(d)(1) could extinguish claims, many courts have allowed a grace period of one year.  The Sixth Circuit joined the Third and Fifth Circuits, and held that the grace period is one year from the effective date of the AEDPA, April 24, 1996.  *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999).  Thus, Petitioner is accorded a one-year grace period.  Petitioner filed his motion for relief from judgment on November 5, 2002, more than five years after the passage of the grace period.  Thus, any potentially applicable grace period would not provide Petitioner with a method to avoid the applicability of the period of limitation provided in § 2244(d)(1).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and Petitioner's application is DISMISSED pursuant to Rule 4.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a

---

[1] The Court held that an exception to the rule is available when the petitioner seeks to challenge an enhanced subsequent sentence on the basis that the earlier sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment.  Petitioner has not asserted such a claim.  Accordingly, the exception identified by the Supreme Court is inapplicable here.

- 3 -

constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug. 27, 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on procedural grounds that it is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district

- 5 -

court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed each of Petitioner's claims on the procedural grounds that it is barred by the statute of limitations. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the Petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.


Dated: March 30, 2007                             /s/ Gordon J. Quist            
                                                  GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE